IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

———————————

No. 21-1093

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GARY L. BOYLE,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for the
Central District of Illinois

THE HONORABLE JAMES E. SHADID, JUDGE
No. 2:19-cr-20019-MMM-EIL-1

———————

BRIEF AND REQUIRED SHORT APPENDIX
FOR DEFENDANT-APPELLANT

———————

Law Offices of Lew A. Wasserman, S.C.
By: Lew A. Wasserman SBN 1019200

PO Box 170850
Milwaukee, Wisconsin 53217
(414) 940-0064
attywasserman@gmail.com

*Attorney for Defendant-Appellant*

## Disclosure Statement

The undersigned counsel of record for Defendant-Appellant, Gary L. Boyle, furnishes the following list in compliance with Fed. R. App. P. 26.1 and Circuit Rule 26.1:

1.      The full name of the only party is Gary L. Boyle;

2.      Gary L. Boyle is a natural person and not a corporation;

3.      In the District Court, Mr. Boyle was represented by Assistant Federal Public Defender Elisabeth R. Pollock, Urbana, IL. AFPD Pollock, after timely docketing this appeal, was granted leave to withdraw as counsel; thereafter Attorney Lew A. Wasserman was appointed to brief and argue the appeal on behalf of Mr. Boyle.

Dated this 20th Day of May 2021:

Law Offices of Lew A. Wasserman, S.C.,

   Electronically signed by:   Lew A. Wasserman

Lew A. Wasserman SBN 1019200
Attorney for Defendant  - Appellant Gary L. Boyle

# Table of Contents

Disclosure Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issues Presented For Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of The Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Arguments

    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    I.    The sentence imposed by the district court was procedurally unreasonable in that:

        A.    The court simultaneously considered Boyle's state court charges as offense conduct, as relevant conduct, and as a component of Boyle's criminal history; that conflation erroneously increased both Boyle's offense level computation, and Boyle's criminal history score, which does not comport with applicable guidelines. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        B.    It was procedurally unreasonable for the court to fail to consider, at all, the provisions of U.S.S.G. § 5G1.3, when ordering that the 600 month federal sentence be served consecutive to the 40-year Illinois conviction. . . . . . . . . . . . . . . . . 15

    2.    The district court's sole rationale for imposing a federal sentence consecutive to the state court sentence, "a separate course of conduct," was both factually inaccurate and inadequate, therefore the sentence was substantively unreasonable, entitling Boyle to resentencing. . . . . . . 18

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Certificate of Compliance with Circuit Rule 32(a)(7)( c ) . . . . . . . . . . . . . . . . . . . . . . . . 21

Notice of Filing and Proof of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Short Appendix and Certification of Compliance
With Circuit Rule 30(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Appendix Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## Table of Authorities

**Cases:**

*Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) . . . . . . . . . . . 16, 18

*Hawkins v. United States,* 706 F.3d 820 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Booker,* 543 U.S. 220 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 16

*United States v. Cunningham,* 883 F.3d 690 (7th Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Dingle,* 862 F.3d 607 (7th Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Garner,* 454 F.3d 743 (7th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Klug,* 670 F.3d 797 (7th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Mykytiuk,* 415 F.3d 606 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Nania,* 724 F.3d 824 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . 4, 12, 16, 18

*United States v. Orozco-Vaquez,* 469 F.3d 1101 (7th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Patrick,* 707 F.3d 815 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Tanner,* 628 F.3d 890 (7th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Vallar,* 635 F.3d 271 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Volpendesto,* 746 F.3d 273 (7th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Washington,* 739 F. 3d 1080 (7th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Womack,* 654 F.2d 1034 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Wurzinger,* 467 F.3d 649 (7th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**Federal Statutes:**

18 U.S.C. §2251(a) and (e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

18 U.S.C. §2252A(a)(5)(B) and (b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, *passim*

**United States Sentencing Guidelines:**

U.S.S.G. § 1B1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

U.S.S.G. § 2G2.2(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

U.S.S.G. § 4A1.2 cmt. n. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

U.S.S.G. § 4B1.5(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

U.S.S.G. § 5G1.2(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

U.S.S.G. § 5G1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, *passim*

**Additional Authorities:**

720 ILCS 5/11-1.40 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

730 ILCS 5/3-6-3(a)(2)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Jurisdictional Statement

This is a direct appeal from the United States District Court for the Central District of Illinois. On March 6, 2019, an eight-count indictment, 19-cr-20019 was filed (unsealed March 20, 2019), in the United States District Court for the Central District of Illinois. Counts One through Seven, alleged that on or about February 4, 2019, in Macon County, in the Central District of Illinois, and elsewhere, Boyle committed acts in violation of Title 18, United States Code, Section 2251(a) and (e) (sexual exploitation of a child). Count Eight alleged a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2) (possession of child pornography), occurring on or about February 21, 2019.

The district court's jurisdiction was properly based upon 18 U.S.C. §3231, which confers jurisdiction over criminal violations of the United States Code. Mr. Boyle entered a plea of guilty to all eight counts, without a plea agreement; sentencing occurred on January 14, 2021. The final judgment was entered on January 19, 2021. (ECF 67; App.1-7).

A timely Notice of Appeal was filed on January 19, 2021 (ECF 70). Appellate jurisdiction exists pursuant to 28 U.S.C. §1291 and 18 U.S.C. §3742(a) because the judgment being appealed is a final judgment entered by a district court within this Circuit.

## Issues Presented for Review

I.      Whether the sentence imposed by the district court was procedurally unreasonable in that:

A.      The court did not apply the correct sentencing guideline(s) in imposing a

-1-

sentence upon an individual serving an undischarged [state] term of imprisonment, and,

B.     The court did not properly weigh the relevant factors when it chose to impose a consecutive sentence of 600 months - 50 years - to a person serving recently imposed state term of 40-years' imprisonment for a state crime that this federal prosecution considered as both relevant conduct and criminal history.

II.     Whether the sentence of 600 months - 50 years - to be served consecutively to an undischarged (and recently imposed) term of 40-years imprisonment is substantively unreasonable; the sentence, even assuming Boyle would only serve 85% of the 90 years - would not afford release until Boyle attains the age of 108.

## Statement of the Case

This is a direct appeal from the United States District Court for the Central District of Illinois. Mr. Boyle entered into a open plea of guilty to all 8 counts of the indictment, the first seven of which alleged violations of 18 U.S.C. §2251(a) and (e), sexual exploitation of a child. The open plea (no plea agreement) allowed Mr. Boyle to appeal the district court's sentence, which he does herein. On January 14, 2021, The Honorable James E. Shadid imposed a sentence of 600 months (50 years) imprisonment to run consecutively to the undischarged state sentence, imposed September 2, 2020, of 40 years, Mr. Boyle was serving in case number 19-CF-300 in the Circuit Court for Macon County, Illinois.

The final judgment was entered on January 19, 2021. (ECF 67; App. 1-7). Mr. Boyle timely filed his Notice of Appeal on January 19, 2021. (ECF 70).

Gary L. Boyle was indicted on March 6, 2019 (ECF 1; 2:19-cr-20019-MMM-EIL), with seven counts of enticing and coercing a minor to engage in sexually explicit conduct, which Boyle captured visually, and which Boyle distributed online. All seven counts alleged that the seven separate violations of 18 U.S.C. §§ 2251(a) and (e), occurred on February 4, 2019, "in Macon County, in the Central District of Illinois, and elsewhere."

An eighth count charged Boyle with Possession of Child Pornography, contrary to 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), alleged to have occurred on February 21, 2019, "in Macon County, in the Central District of Illinois."

Boyle never challenged the allegations; by September 16, 2020, he was ready to enter his change of pleas, without a plea agreement. Boyle consented to enter, and did enter, his pleas before Magistrate Judge Eric Long. (ECF 75:4 (Transcript)). During the plea colloquy (and there is no challenge to the sufficiency) the court asked the government to relate what the government would have to prove to convict Boyle of these charges (ECF 75:14-15), and to relate the potential penalty structure (ECF 75:16). The government asserted, "Counts 1 through 7, the sexual exploitation charges, are Class B felonies. They carry no less than 15 years up to 30 years imprisonment each; a maximum $250,000 fine; no less than five years up to life on supervised release." As to count 8, "Possession of child pornography of a prepubescent minor, or one that's under 12, is a Class C felony. It's a maximum 20 years imprisonment; maximum $250,000 fine; no less than five years up to life on supervised release." (ECF 75:16). The government explained that if all sentences ran consecutively, Boyle faced a maximum of 230 years imprisonment (ECF 75:17).

-3-

After additional discussions, the government was asked whether there had been "any formal plea agreement offers in this case," to which the Boyle's counsel responded, "There was a written plea agreement proposed in part prior to his State Court sentence being imposed. That has been reviewed with Mr. Boyle and rejected in favor of an open plea." Boyle agreed. (ECF 75:20-21).

In response to a request for clarification by the Magistrate Judge, the government explained that on February 14, 2019, it was reported that a user, later identified as Boyle, was transmitting child exploitation material on Kik, a smartphone messenger application. A Department of Homeland Security Agent determined that the images depicted the same minor female - "definitely under 10 years old," and that the transmission of the images and videos occurred on February 4, 2019. "So they're all on the same day but different images, different videos." (ECF 75:22-23). The details of the depictions can be found in the transcript at ECF 75:23-25, *see United States v. Nania,* 724 F.3d 824, 828 (7th Cir. 2013). The government related that the defendant's cell phone - seized during the execution of a search warrant on February 21, 2019, contained additional images of child exploitation material; the basis for count 8. (ECF 75:26).

The government then related that in a recorded interview, Boyle admitted that the February 4, 2019, acts were "with ███████████████████." Boyle admitted that he live-streamed the sexual abuse of this child to other individuals on the Kik Messenger group on that day. (ECF 75:27). Boyle stated that he agreed with all of the facts stated by the government (ECF 75:28). Boyle's pleas of guilty were accepted and entered. (ECF 51, 53). A Pre-sentence Report, and Objections thereto, if any, were ordered

-4-

and scheduled. (ECF 51-52).

On January 4, 2020, the Presentence Investigation Report was filed. (ECF 60, herein after, "PSR"). Relevant to this appeal, the term "relevant conduct" appears but twice in the PSR; critically, at page 6, paragraph 16, the PSR avers:

> On February 4, 2019, user "amber.1516_2qv" utilized IP address 67.162.35.232 (later identified as Gary Boyle's residence). During a conversation in the LFD group on February 4, 2019, "amber.1516_2qv" posted four images and three videos that contained child pornography. The minor victim, who is approximately 8 years of age, appears to be the same minor victim in each of the images listed below. The images and videos are described below. **(Relevant Conduct)**

The "described below" reference in that last paragraph is then followed by relating the specific factual basis for counts 1 - 7 of the indictment. PSR, ¶16, a-g. Thus, it appears that the PSR incorporates the underlying facts supporting the indictment as both relevant conduct and offense conduct, as to counts 1 - 7.

The incorporation of the underlying facts as both relevant and offense conduct is repeated in the PSR in additional sections; in relating what Boyle told case agents, the PSR, at ¶24, page 8, related:

> Boyle said he live-streamed ███████ abuse only once and that was on February 4, 2019, and later indicated that was the one single occasion that this conduct occurred. However, on July 28, 2020, the defendant pled guilty to Predatory Criminal Sexual Assault of a Child in Macon County, Illinois, Circuit Court Case No. 19-CF-300. In that case, the Indictment charged that between October 10, 2010, and February 3, 2019, the defendant, who was over 17 years of age, knowingly committed an act of sexual penetration with ███ (DOB ███████ 2010), who was under the age of 13 at the time of the offense, in that he placed his penis in the vagina of ███ for the purpose of sexual gratification or arousal of the victim or the defendant. Boyle also admitted to trading child pornography directly with others in exchange for other child pornography images.

As developed more fully in the below Arguments, the above paragraph incorporates into offense conduct Boyle's state court criminal conviction - with the same victim as in the federal indictment - which the PSR also incorporates into the criminal history score, raising the subtotal score from 2 to 5 points. (ECF 60, ¶120).

Contrary to the government's Commentary (see below), the PSR found that Boyle had not obstructed justice during the prosecution (PSR, ¶30), and that Boyle, "clearly demonstrated acceptance of responsibility." (PSR ¶¶31, 109-110)(awarding a 3-level decrease). The total offense level, after all adjustments, increases and decreases, was 43 (PSR, ¶111).

Boyle's subtotal criminal history score was 5 (PSR, ¶121), but as noted in Boyle's Sentencing Memorandum (see below), 3 of those points, as noted in ¶120, were based upon the Macon County Circuit Court case, 19-CF-300, already extensively discussed above, wherein Boyle was sentenced to 40 years incarceration on September 2, 2020. So there is no mistake, the sexual abuse allegations that Boyle pled to in state court concerned the same victim as in the instant first seven counts of the indictment (see, for example, PSR ¶¶181-182).

Finally, the PSR does not discuss whether the guidelines, or any other statutory or case law authorities, instruct or advise as to whether, or not, the federal sentence herein should or may be concurrent or consecutive to the Macon County, Illinois, sentence imposed on September 2, 2020. Nevertheless, it is clear that what occurred on February 4, 2019, at least as concerns the assertions in the PSR, is treated, globally, as offense conduct, as relevant conduct, and as criminal history.

On January 11, 2020, the government filed a 17-page Commentary in support of a life imprisonment sentence. (ECF 62). There being no plea agreement or recommendation to support, the Commentary doesn't find any mitigating factors. Only in the Conclusion does the government cite to U.S.S.G. 5G1.2(d)[1], but without discussion or argument, to support the demand that the instant sentences all run consecutive to each other. Perhaps because the government in the Commentary was asking for the imposition of a 2,760 month guidelines sentence, it didn't bother to discuss whether, or not, there was any provision in the guidelines for imposing the federal sentence consecutive to the state sentence of 40 years Boyle received on September 2, 2020.

The Commentary, like the PSR, does not cite to U.S.S.G. § 5G1.3 - Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or Anticipated State Term of Imprisonment, to support its demand for a life sentence.

On January 12, 2021, Boyle filed his Sentencing Memorandum (ECF 63), which asserted, inter alia, that, "At the time of his indictment, he was also charged in Macon County Circuit Court with 16 counts related to the same conduct, specifically: predatory criminal sexual assault/victim under age 13, aggravated criminal sexual abuse/victim

---

[1]

(d) If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

under age 13, and criminal sexual assault/family member."[2] The Memorandum continues, at ECF 63:2:

> At the conclusion of his state case, Mr. Boyle pled guilty to one count of predatory criminal sexual assault/victim under age 13 in violation of 720 ILCS 5/11-1.40 and was sentenced to a term of 40 years of imprisonment in the Illinois Department of Corrections.[3]

The Memorandum details why a sentence concurrent to the state court proceeding and sentence was appropriate, although it does not reference any guidelines authority, such as U.S.S.G. § 5G1.3, supporting that request. The Memorandum does note that Boyle's criminal history was skewed by counting the Illinois state conviction for "the same conduct" but does not object to that counting.

Sentencing occurred on January 14, 2021. See, ECF 73 - Transcript. As an initial matter, Boyle avers that the term, "relevant conduct" does not appear in the transcript; there is no parsing out, in the guidelines calculations what was relevant conduct, which perhaps reflects that the guideline sentencing recommendation is far above the statutory

---

[2]

 Boyle cited (ECF 63:1) to the Macon County case record; it was revealed that the state case was filed on February 28, 2019; sentencing occurred on September 2, 2020.

[3]

(720 ILCS 5/11-1.40): Sec. 11-1.40. Predatory criminal sexual assault of a child.

   (a) A person commits predatory criminal sexual assault of a child if that person is 17 years of age or older, and commits an act of contact, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of sexual gratification or arousal of the victim or the accused, or an act of sexual penetration, and:

   (1) the victim is under 13 years of age;
   (b) Sentence.

      (1) A person convicted of a violation of subsection (a) (1) commits a Class X felony, for which the person shall be sentenced to a term of imprisonment of not less than 6 years and not more than 60 years.

maximums before the court. (Tr., p. 4-5).

The government, citing to 3553(a), recommended a life sentence, (Tr., p. 15), specifically arguing against concurrent time with the 40 year state sentence, and noting that the state sentence encompassed conduct against ███ that was more extensive than charged in the indictment. (Tr., p. 16). The government requested a 2,760 month - 230 year - sentence. (Tr., p. 17). The district court asked the government to supply, "one argument for the consecutive nature of the sentence." *(Id.)* As the court noted, to get to 2,760 months, the sentences in counts 1 - 7 would have to run consecutive to each other. (Tr., p. 18). The court said, "I understand the argument for consecutive to the state court case." (Tr., p. 18). The government responded that to effectuate the guidelines recommended sentence, consecutive time would be necessary. (*Id.*). The government acknowledged that the seven counts related to conduct, "albeit on the same day," but nevertheless separate punishments were warranted. (Tr., p. 18-19).

Boyle's counsel advocated for a sentence concurrent to the 40-year state sentence, but did not cite to guidelines provisions, if any, supporting that request. (Tr., p. 19 - 25). Counsel noted that Boyle was 36, almost 37 years old, thus (in so many words) his federal sentence, if consecutive would not begin until Boyle was well into his 70's.[4] Counsel asked

---

[4]

 The Illinois DOC offender information site reveals that Boyle's projected parole date is 2/21/2053; he would then be 68 years old, if he merits parole on that date. See, https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx accessed 5/18/2021. Boyle is presently incarcerated at Menard Correctional Center, Menard, Illinois. The projected parole date is based, in part, upon Boyle receiving a maximum of 4.5 days of good conduct credit for each month of his sentence of imprisonment, meaning he will serve approximately eighty-five percent of his 40-year sentence. 730 ILCS 5/3-6-3(a)(2)(ii).

the court to consider whether Boyle deserved to breath free air after spending 40 years in prison; 40 years was not some slap on the wrist. (Tr., p. 24 - 25).

The court considered counsel's question, and said, "No." (ECF 73, p.28; App. 109) The court noted it did not have to impose a sentence of 2,760 months, "to accomplish the goals of sufficient but not greater than necessary to comply with the purpose of the Act. (Referring to 18 U.S.C. § 3553(a); ECF 73, p. 27-28)(App. 108-09). The court found that a sentence of 360 months or 30 years was appropriate for counts 1 - 7; the court found that it would not be appropriate to impose consecutive sentences in those counts (although it would be "acceptable"). (ECF 73, p. 31)(App. 112). As to count 8:

> Count 8 sets forth a completely different count on a completely different day and a completely different time period; to subject other young people who have been abused to the perverted and distorted and sick nature of those seeking the internet for their satisfaction. So I believe a sentence of 20 years or 240 months on Count 8 is appropriate and that should run consecutive -- that should run consecutive to Counts 1 through 7. So that is 600 months or 50 years. (Tr., at 31-32)(App. 112-13).

Then, without further discussion or citation to authority:

> And there could be no question that the conduct in 19-CF-300, the sexual predator conviction of a child under 13, for which he received 40 years, was a separate course of conduct; and, therefore, the 600 months imposed shall run consecutive to the Macon County case in 19-CF-300.

> If he served that entire sentence, that would be a sentence of 90 years or nearly 90 years. If he manages to live to be a 126 years old, then he can have that fresh air that he requests today. (Tr., at 32)(App. 113).

Additional facts, with citations to the record, will be supplied as necessary to develop the arguments that follow.

-10-

## Summary of the Argument

The district court committed procedural error in calculating the appropriate sentence. First, the court mis-categorized the relationship between count 8, and the seven preceding sexual exploitation counts. The court found that count 8 was a different count, which is true, however it is not accurate to describe count 8 as occurring on a different day (from February 4, 2019), nor as a completely different time period. There being no other substantial basis for imposing the sentence in count 8 consecutive to that in counts 1 - 7, the court erred, and Boyle is entitled to re-sentencing.

The court further erred in ordering that the global sentence of 600 months run consecutive to the 40-year state sentence in two ways; first, the state conviction does not, as the court mistakenly found, encompass a separate course of conduct (indeed, the PSR treats all this conduct as relevant conduct); and second, the court failed to consider whether U.S.C.G. 5G1.3 - Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or Anticipated State Term of Imprisonment, recommends concurrent sentences in this instance, as Boyle asserts would be authorized under 5G1.3(b) or ( c).

Second, The district court further erred in imposing the global sentence consecutive to the state court sentence, by inadequately explaining why consistent with the § 3553(a) factors.

Moreover, the 600-month/50-year sentence imposed to run consecutively to a sentence of 40-years (that was imposed on 9/2/2020) is substantively unreasonable in light of Mr. Boyle's age. Assuming that Boyle will earn release after serving 85% of the 90 years

incarceration, he would then be 113 years old. Thus it is unnecessary to proffer statistics or tables or projections of whether Boyle will 'outlive' this sentence; it is undeniably "de facto life."

## Standard of Review

The review of the procedural challenge is *de novo* but review of the substantive challenge is for abuse of discretion. *United States v. Vallar,* 635 F.3d 271, 277–78 (7th Cir.2011). There is a presumption that a within-guidelines sentence is reasonable. *United States v. Mykytiuk,* 415 F.3d 606, 607 (7th Cir. 2005).

## Arguments

I.     The sentence imposed by the district court was procedurally unreasonable in that:

    A.     The court simultaneously considered Boyle's state court charges as offense conduct, as relevant conduct, and as a component of Boyle's criminal history; that conflation erroneously increased both Boyle's offense level computation, and Boyle's criminal history score, which does not comport with applicable guidelines.

No doubt untangling the factual nexus between the eight counts in this indictment and the conduct for which Boyle was convicted in Illinois state court was daunting, but it is hard to see how the court apparently missed that it was triple-counting the events of February 4, 2019. Conduct can be relevant conduct, or a prior sentence, but not both, or neither. *See* U.S.S.G. § 4A1.2 cmt. n. 1.; *United States v. Nania,* 724 F.3d 824, 833 (7th Cir. 2013).

-12-

As noted herein above, the PSR supplies the term "relevant conduct" in only two places, paragraphs 15, and 16. What is described as relevant conduct in paragraph 15 is the sending, on February 3, 2019, by a Kik user (not Boyle, says the PSR), of a one-minute, 59 second movie that contained images (stills, presumptively), and videos containing the sexual exploitation of 6 - 7 year old females. While the PSR isn't entirely clear in describing how agents discovered this video, the only logical conclusion, in context, is that the video was found on Boyle's cell phone, seized upon Boyle's arrest on February 21, 2019. (PSR, ¶2). Since the only count in the indictment charging Boyle with possession of child pornography is count 8, the assumption (although unstated in the PSR), is that this described relevant conduct trails the offense conduct in count 8, although this conduct could be relevant conduct to the first seven counts. Again, this confusion is understandable, but the logical conclusion is that Boyle's capture of child pornography that occurred before the discovery of Boyle's cell phone cache on February 21, 2019, was treated as relevant conduct, unspecified as to which of the 8 counts it was intended to supplement.

Further, the PSR, ¶24, notes that Boyle's state court conviction was for Predatory Criminal Sexual Assault of a Child, that occurred between October 10, 2010[5] and February 3, 2019; and that Boyle admitted to directly trading child pornography with others. This state court prosecuted conduct isn't denominated as relevant conduct for any specific count in the instant indictment, but ███ is the victim in the state conviction, in the first seven

---

[5] PSR, ¶24, notes that ███████████ ███ ███████████ ██████████████.

counts of the indictment, and one would have to assume, at least in part (agents discovered over 100 images), concerning count 8.

Paragraph 16 of the PSR, describing the pornography sharing process employed by Boyle, is 'relevant conduct' concerning counts 1 - 7 of the indictment. That's curious, as the charged sexually explicit conduct must be "for the purpose of producing" and transmitting the conduct, live conduct here, in interstate commerce, etc.

In criminal cases, the district court shall determine the kinds of sentence and the guideline range. *See* 18 U.S.C. 3553(a)(3), (4). The district court shall apply the provisions of the Federal Sentencing Guideline Manual in determining the appropriate range and kind of sentence. *See* U.S.S.G. §1B1.1. The sentencing guidelines are advisory. *United States v. Booker,* 543 U.S. 220, 245 (2005). However, the sentencing judge must first correctly calculate the advisory guideline range and then, based on the sentencing factors set out in 18 U.S.C. §3553(a), decide whether to impose a sentence within that range. *United States v. Orozco-Vaquez,* 469 F.3d 1101, 1107 (7th Cir. 2006).

Herein, the indictment, in counts 1 - 7, charges a single day's course of conduct as separate acts. That ambiguity (as in potential multiplicity) was apparently sufficient for the judge to impose the sentences concurrently as to each other. But given the nature of the February 4, 2019, acts, it is hard to see why the court found that the state acts for which Boyle was convicted were a 'separate course of conduct,' warranting imposing the federal sentence consecutive to the state's 40 year term.

The *distinctions* between the state prosecuted acts and the first seven counts of the

-14-

federal indictment are neither spatial nor in any significant way temporal. *See, United States v. Womack,* 654 F.2d 1034, 1041 (5th Cir. 1981). Count 8 of the indictment is a little more distinct, however the device on which the child pornography was discovered was the same device used on February 4, 2019, to produce and distribute the pornography that was charged as counts 1 - 7, (PSR, ¶19) and apparently used in the same location (that's how authorities figured out it was Boyle).

The PSR describes the state crimes as "specific offense characteristics" of count 8 (PSR, ¶97, "For approximately three years, the defendant engaged in sexual acts with ███ ███████"). The global legal theory is that Boyle sexually exploited ████; perhaps that's why the PSR conflates offense characteristics, relevant conduct, and criminal history score, in all counts and with the state court offense. The court did the same, but failed to account for the unavoidable nexus between all of Boyle's illegal acts.

B.    It was procedurally unreasonable for the court to fail to consider, at all, the provisions of U.S.S.G. § 5G1.3, when ordering that the 600 month federal sentence be served consecutive to the 40-year Illinois conviction.

As noted above, this applicable guidelines provision doesn't appear anywhere in the PSR, in the government's sentencing Comment, or even in the defendant's Memorandum. But nevertheless it appears to be legal error for the court to fail to properly consider an applicable guidelines provision. *United States v. Garner,* 454 F.3d 743, 747 (7th Cir. 2006); *Hawkins v. United States,* 706 F.3d 820, 826-27 (7th Cir. 2013)(Rovner, dissenting)(Both before and after *Booker,* the first step in sentencing was and is for the

-15-

sentencing judge to begin the sentencing proceeding by correctly calculating the applicable Guidelines range. *See Gall v. United States,* 552 U.S. 38, 49, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). This was "step one" before *Booker* and remains "step one" now.).

At this point, Boyle might just submit a copy of *United States v. Nania,* 724 F.3d 824 (7th Cir. 2013), and say, just read this. *Nania* is a roadmap for how district courts should analyze § 5G1.3(b) and ( c) issues, but at least in *Nania* the district court conducted an analysis. *See, id,* at 833. What our district court judge should have started with was, "whether all the conduct that led to any of [Boyle's] state sentences was also relevant conduct to his federal offense." 724 F.3d 832-33. *Nania* holds that Boyle shoulders that burden. *Id.*

Reduced to it's essence, *Nania, supra,* counsels that, "Section 5G1.3(b) would recommend that [Boyle's] federal sentence run concurrently with any of his state sentences for which the underlying conduct met two requirements: (1) all the conduct involved in the state offense was "relevant conduct" to [Boyle's] federal offense; and (2) all the conduct involved in the state offense increased [Boyle's] federal offense level. *See* U.S.S.G. § 5G1.3(b) & cmt. n. 2(A)."

So the first question is whether all the conduct that lead to Boyle's state sentence was relevant conduct to his federal offense. 724 F.3d 832-33. There doesn't appear to be any question that ▆ was the victim in the state case, and that ▆ was the victim in counts 1 - 7 in the federal case. Count 8 is possession of child pornography, and it is clear that Boyle produced and transmitted the videos and images alleged in counts 1 - 7 on the cell

-16-

phone that also contained 100 images of child pornography forming the factual basis for count 8. (PSR, ¶¶19, 99). In other words, the same cell phone was used by Boyle for all of the acts that lead to all of the counts in the indictment. And while there may be other victims' images on the cell phone seized from Boyle, there certainly, at all times relevant to each count of the indictment, were images and videos of ███ That appears to supply the 'overlapped' threshold. 724 F.3d at 832.

Then, at PSR, ¶97, detailing Specific Offense Characteristics concerning count 8, the agent wrote:

> **Specific Offense Characteristics:** Defendant Boyle engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. For approximately three years, the defendant engaged in sexual acts with ████████. Defendant Boyle live-streamed the sexual abuse on the Kik Messenger application and shared images of the sexual abuse there as well. Therefore, a five-level increase is applied. U.S.S.G. §.2G2.2(b)(5).

At PSR, ¶108, the agent detailed, again, acts for which Boyle was convicted and sentenced in state court, to support an additional enhancement to the combined offense level:

> **Chapter Four Enhancement:** The offense of conviction is a covered sex crime, neither §4B1.1 (Career Offender) nor subsection (a) of §4B1.5 applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. Therefore, the defendant is a repeat and dangerous sex offender against minors. Defendant Boyle engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. For years, the defendant engaged in sexual acts with ███ ████████ Defendant Boyle live streamed the sexual abuse on the Kik Messenger application and shared images of the sexual abuse there as well. Therefore, a five-level increase is applied. The offense level shall be 5 plus the offense level determined under Chapters Two and Three. In this case, the applicable offense level is 47, but will become 52. USSG §4B1.5(b)(1).

In the final analysis there is no question that all of the state court acts for which Boyle was sentenced were woven into the Total Offense Level computed in the PSR; it is clear that the acts for which Boyle had been sentenced in state court were "part of the instant offense," and indistinguishable from 'relevant conduct." *Nania, supra,* 724 F.3d at 833. These were acts for which Boyle was "already being punished by a state sentence." *Nania, supra,* 724 F.3d at 834.

It is also clear that aside from adding to Boyle's total offense level, the state court conviction added 3 points to Boyle's Criminal History scoring, at PSR ¶120. As noted above, state sentences can be relevant conduct, or criminal history, but not both. The district court should have decided one or the other, and not 'neither,' but there was no analysis because the court ignored § 5G1.3. Thus, Boyle requests resentencing pursuant to § 5G1.3(b).

> 2.    The district court's sole rationale for imposing a federal sentence consecutive to the state court sentence, "a separate course of conduct," was both factually inaccurate and inadequate, therefore the sentence was substantively unreasonable, entitling Boyle to resentencing.

In the event that this court concludes the district court followed sound procedure, Boyle would then ask for a determination whether that procedure led to its intended outcome: substantively reasonable punishment. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). This review looks for any abuse of discretion. *Id.* Furthermore, because Boyle's sentence fell below the Guidelines' recommendation, it is presumed reasonable. *See United States v. Klug,* 670 F.3d 797, 800 (7th Cir.2012). Boyle bears

the burden of proving otherwise, *United States v. Tanner,* 628 F.3d 890, 908 (7th Cir.2010).

Boyle reasserts that the district court's "separate course of conduct" explanation for imposing a sentence that, in its entirety, would keep Boyle in prison until he was 126 years old was inaccurate. The PSR repeatedly incorporated the state conviction into the relevant conduct and offense level calculations, which the court accepted, and thereupon should not have re-categorized into entirely separate conduct.

Additionally, the court's naked assertion that it had considered the § 3553(a) factors (ECF 73, p. 27, 31)(App. 108, 112), without more, is insufficient to assure that the factors have been adequately considered. *United States v. Washington*, 739 F. 3d 1080, 1081 (7th Cir. 2014).

Perhaps, in being so austere, the court was responding to Boyle's counsel's unserious request to consider whether Boyle deserved to breath fresh air, (ECF 73, Tr. 24-25),[6] but herein there was nothing that adequately explains this de facto life sentence in any manner consistent with the § 3553(a) factors. A release date at age 126 (even at 85% - age 108) is indeed the kind of de facto sentence that has concerned this court. *United States v. Dingle,* 862 F.3d 607, 613 (7th Cir. 2017)(release date of late-70s not of concern); *see United States v. Wurzinger,* 467 F.3d 649, 652 (7th Cir. 2006)("[T]he probability that a convict will not live out his sentence should certainly give pause to a sentencing court.).

---

[6] The Court: Having said that, Miss Pollock, it's not my nature normally to respond to questions posed to me, but since you did pose it, "The real question: Does Gary Boyle deserve a few years of breathing fresh air?" and the answer in my mind is no. That would allow him to share the same air as ███████, the one he sentenced to a lifetime of nightmares and self-doubt. ECF 73, at 28; App. 113.

-19-

And there was nothing demonstrating that the court "appreciated the severity of the sentence." *United States v. Patrick,* 707 F.3d 815, 819-20 (7th Cir. 2013). The court made no finding that Boyle was a substantial risk to re-offend, or that he demonstrated a lack of respect for the law. *United States v. Volpendesto,* 746 F.3d 273, 299 (7th Cir. 2014). In the final analysis, the court failed to supply an adequate explanation consistent with § 3553(a) factors, and thus Boyle has met his burden of demonstrating that the below-guidelines sentence was nevertheless per se unreasonable. *United States v. Cunningham,* 883 F.3d 690, 701-02 (7th Cir. 2018).

## Conclusion

Because the sentence was imposed in disregard of applicable guidelines provisions; because the sentence was imposed without adequate explanation consistent with § 3553(a) factors, and because the sentence is substantively unreasonable, Boyle is entitled to have his de facto life sentence vacated with remand for resentencing. Upon remand, if granted, Boyle requests reassignment.

Dated a Milwaukee, Wisconsin this 20th day of May 2021.

Respectfully submitted,

Gary L. Boyle, Defendant - Appellant

Law Offices of Lew A. Wasserman, S.C.

   Electronically signed by:   Lew A. Wasserman

Lew A. Wasserman SBN 1019200
Attorney for Defendant - Appellant Gary L. Boyle

**Certificate of Compliance with Frap Rule 32(a)(7)**

Pursuant to FED. R. APP. P. 32(a)(7), counsel for defendant-appellant certifies that this brief complies with the type-volume limitations of FED. R. APP. P. 32(a)(7)(B) because it contains no more than 14,000 words. Specifically, all portions of the brief other than the disclosure statement, table of contents, table of authorities and certificates of counsel contain 6,429 words.

Dated this 20th Day of May 2021

Law Offices of Lew A. Wasserman, S.C.,

   Electronically signed by: Lew A. Wasserman

Lew A. Wasserman SBN 1019200
Attorney for Defendant - Appellant Gary L. Boyle

**Notice of Filing and Proof of Service**

I certify that on May 20, 2021, counsel filed an electronic copy of Appellant's Brief in digital media, formatted in PDF, with the Clerk of the United States Court of Appeals for the Seventh Circuit. All counsel of record are served copies of the same via electronic filing. Counsel further certifies that he has mailed one copy of this brief to Mr. Boyle by enclosing it in a mailing package addressed as indicated below with postage prepaid, and has deposited said package in the U.S. Mail in Milwaukee, Wisconsin.

Gary L. Boyle Y43159
Menard Correctional Center
PO Box 1000
Menard, IL 62259

Law Offices of Lew A. Wasserman, S.C.

   Electronically signed by:   Lew A. Wasserman

Lew A. Wasserman SBN 1019200
Attorney for Defendant - Appellant Gary L. Boyle

**Short Appendix and Certification of Compliance With Circuit Rule 30(d)**

Counsel for Defendant-Appellant, Gary L. Boyle, hereby certifies that the Appendix includes all materials required by Circuit Rule 30(a) and (b).

Dated at Milwaukee, Wisconsin this 20th day of May 2021.

Law Offices of Lew A. Wasserman, S.C.

Electronically signed by:   Lew A. Wasserman

Lew A. Wasserman SBN 1019200
Attorney for Defendant - Appellant Gary L. Boyle

**Appendix Table of Contents**

| Number in ECF | Description | First Page in Appendix |
|---|---|---|
| 67 | Judgment of Conviction | 101 |
| 73 | Sentencing Transcript - Excerpts | 108 |

AO 245B (Rev. 09/17)  Judgment in a Criminal Case  Case: 21-1093  Document: 18  Pages: 43  
Sheet 1

# UNITED STATES DISTRICT COURT

Central District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>GARY L. BOYLE | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 19-20019-001<br>USM Number: 22760-026<br>Elisabeth Pollock<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)     1-8

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) & (e) | Sexual Exploitation of a Child | 2/4/2019 | 1-7 |
| 18 U.S.C. § 2252A(a)(5)(B)&(b)(2) | Possession of Child Pornography | 2/21/2019 | 8 |

The defendant is sentenced as provided in pages 2 through     7     of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/14/2021
/s/James E. Shadid

Signature of Judge

James E. Shadid, U.S. District Judge
Name and Title of Judge

1-19-21
Date

AO 245B (Rev. 09/17)  Case: 21-1093  Document: 18  Filed: 06/29/2021  Pages: 43
Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  7

DEFENDANT:  GARY L. BOYLE
CASE NUMBER:  19-20019-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

600 months. Said term shall consist of 360 months on each of Counts 1-7, to be served concurrently, and 240 months on Count 8 to be served consecutively with Counts 1-7, with all counts to be served consecutively to Macon County, Illinois, Circuit Court Case No. 19-CF-300.

☑  The court makes the following recommendations to the Bureau of Prisons:

1. It is recommended that the Defendant serve his sentence in a facility as close to his family as possible, specifically USP Marion. 2. It is further recommended that he serve his sentence in a facility that will allow him to participate in a Sex Offender Treatment Program and maximize his exposure to educational and vocational opportunities.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at _____ ☐ a.m.  ☐ p.m.  on _____ .

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on _____ .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/17)
Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___7___

DEFENDANT:  GARY L. BOYLE
CASE NUMBER:  19-20019-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

10 years.  Said term shall consist of 10 years on each of Counts 1-8, to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

      ☐  The above drug testing condition is suspended, based on the court's determination that you
          pose a low risk of future substance abuse. *(check if applicable)*

4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6.  ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the following conditions:

1. The defendant shall not knowingly leave the federal judicial district without the permission of the court.

2. You shall report to the probation office in the district to which you are released within 72 hours of release from custody. You shall report to the probation officer in a reasonable manner and frequency as directed by the court or probation officer.

3. The defendant shall follow the instructions of the probation officer as they relate to the defendant's conditions of supervision. Any answers the defendant gives in response to the probation officer's inquiries as they relate to the defendant's conditions of supervision must be truthful. This condition does not prevent the defendant from invoking his Fifth Amendment privilege against self-incrimination.

4. The defendant shall notify the probation officer at least ten days prior, or as soon as knowledge is gained, to any change of residence or employment which would include both the change from one position to another as well as a change of workplace.

5. The defendant shall permit a probation officer to visit him at home or any other reasonable location between the hours of 6 a.m. and 11 p.m., unless investigating a violation or in case of emergency. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

AO 245B (Rev. 09/17)
Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page     4    of     7

DEFENDANT:  GARY L. BOYLE
CASE NUMBER:  19-20019-001

## ADDITIONAL SUPERVISED RELEASE TERMS

6. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

7. As directed by the probation officer, the defendant shall participate in a psychological and behavioral testing, evaluation, and assessment program for the treatment and monitoring of sex offenders and a sex-offender group and/or individual counseling program. The defendant shall comply with all of the requirements and restrictions of such programs. The defendant shall submit to physiological testing, including polygraph and plethysmograph testing, as directed by the treatment provider. The defendant shall pay for such services, if financially able, as directed by the U.S. Probation Office.

8. You shall not knowingly associate with; have verbal, written, telephonic, or electronic communication with; or have physical contact with any individual under the age of 18 except: (1) in the presence of an adult who is aware of the nature of your background and current offense, and who has been approved by the U.S. Probation Office; (2) in the course of normal commercial business; or (3) in other cases of unintentional and incidental contact.

9. You shall not knowingly receive, transmit, have under your control, or view, any material that depicts illegal sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A) and (B).

10. You shall participate with the U.S. Probation Office's Computer and Internet Monitoring Program (CIMP) during your term of supervision. The monitoring program will start as soon as possible after your supervision term begins. You shall sign the rules of the Computer Internet and Monitoring Program and comply with the conditions of this program. During this time, you shall install filtering software on any computer you possess or use which will monitor access to websites that depict sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A) and (B). You shall allow the U.S. Probation Office unannounced access to any computer you possess or use to verify that the filtering software is functional. You shall pay for the cost of the filtering software, if financially able, as directed by the U.S. Probation Office.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature                                           Date

AO 245B (Rev. 09/17)  Judgment in a Criminal Case
                      Sheet 3B — Supervised Release

DEFENDANT:  GARY L. BOYLE
CASE NUMBER:  19-20019-001

## ADDITIONAL SUPERVISED RELEASE TERMS

11. If there is reasonable suspicion to believe that you are in violation of a condition of supervised release related to the receipt, transmission, or possession of any illegal material that depicts sexually explicit conduct, or any violation of the Computer and Internet Monitoring Program, or any violation of his sex offender treatment program, you shall submit to the search of your person, automobile, and property under your control by the U.S. Probation Office. You shall also allow the U.S. Probation office to conduct periodic unannounced examinations between the hours of 6:00 a.m. and 11:00 p.m., unless investigating a violation or in case of an emergency, of your computer equipment, Internet capable devices, similar electronic devices, related computer peripherals, which may include retrieval and copying of all data from your device to ensure compliance with this condition, and/or removal of such equipment for the purpose of conducting a more thorough inspection.

12. You shall not knowingly use the Internet or visit any website, including chat rooms or bulletin boards, to view material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A) and (B).

13. The defendant shall not knowingly meet, communicate, or otherwise interact with any person whom he knows to be a convicted felon or to be engaged in, or planning to engage in, criminal activity, unless granted permission to do so by the Court.

14. The defendant shall not knowingly be present at places where controlled substances are illegally sold, used, distributed, or administered.

15. You shall not purchase, possess, use, distribute, or administer any controlled substance or psychoactive substances that impair physical or mental functioning except as prescribed by a physician. You shall, at the direction of the U.S. Probation Office, participate in a program for substance abuse treatment including not more than six tests per month to determine whether you have used controlled substances. You shall abide by the rules of the treatment provider. You shall pay for these services, if financially able, as directed by the U.S. Probation Office.

16. You shall refrain from any use of alcohol. You shall participate in a program for alcohol treatment, as approved by the U.S. Probation Office, including testing, to determine if you have used alcohol. You shall abide by the rules of the treatment provider. You shall pay the costs of the treatment to the extent you are financially able to pay. The U.S. Probation Office shall determine your ability to pay and any schedule for payment, subject to the court's review upon request.

17. The defendant shall attempt to secure regular and lawful employment, unless excused by the probation office for schooling, training, or other acceptable reasons. The defendant shall keep the probation officer advised of any changes in his employment status.

18. You shall register with the state sex offender registration agency in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation office.

2:19-cr-20019-MMM-EIL  # 67  Page 6 of 7
AO 245B (Rev. 09/17)  Judgment in a Criminal Case  Document: 18  Filed: 06/22/2021  Pages: 43
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  6  of  7

DEFENDANT: GARY L. BOYLE
CASE NUMBER: 19-20019-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 800.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page  7  of  7

DEFENDANT: GARY L. BOYLE
CASE NUMBER: 19-20019-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $  800.00  due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance with ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
The Court shall order all proceeds forfeited to the United States that was derived from conduct under Counts 1-7. The property includes items referenced in the Final Order of Forfeiture. 18 U.S.C. §2253.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

1  at all to deserve this.  No matter what, always

2  remember that you are a beautiful girl.  You are

3  better than anybody else.  All you have to do is

4  try.  A████, I'm sorry for what I did to you.

5        That's all.

6        THE COURT:  All right.  The Court having

7  considered the Presentence Report, the guideline

8  calculations, the commentaries and attachments and

9  exhibits filed, the statement of Unity --  I didn't

10 get your last name and the Presentence Report says

11 Henry; is that your last name?

12        MS. HENRY:  Yes.

13        THE COURT:  Unity Henry, the victim impact

14 statement from the minor child as read by

15 Miss Peirson, the arguments of counsel, the

16 statement of Mr. Boyle, the Court believes -- and

17 the factors as set forth in 3553, the Court believes

18 that the following sentence is sufficient but not

19 greater than necessary to comply with the purpose of

20 the Act:

21        Mr. Boyle, let me start with this:  I am

22 going to overlook and give you the one benefit of

23 the doubt today.  On your given advice in your

24 statement of allocution to ████████, the last

25 person she needs any further advice from is you.

 1          Having said that, Miss Pollock, it's not my
 2   nature normally to respond to questions posed to me,
 3   but since you did pose it, "The real question:  Does
 4   Gary Boyle deserve a few years of breathing fresh
 5   air?" and the answer in my mind is no.  That would
 6   allow him to share the same air as ███████████, the
 7   one he sentenced to a lifetime of nightmares and
 8   self-doubt.

 9          But I do not have to give 2,760 months to
10   accomplish the goals of sufficient but not greater
11   than necessary to comply with the purpose of the
12   Act.

13          The fact of the presence of the minor child
14   here today, now still only ten years old, shows more
15   maturity on her part; shows more courage on her
16   part; shows more self-respect on her part; shows
17   more respect for others on her part; shows more
18   self-worth on her part; and shows me what I hope for
19   her, a future that someday will be free from the
20   demons that Mr. Boyle has in himself.

21          I would say, young lady, in your mother's
22   statement she said that you inspire her.  And I will
23   tell you your presence here today inspires many and
24   should inspire all young people that have been
25   subjected to people like Mr. Boyle.  But I know that

1  is not what you wanted.  That all you wanted is to

2  have a childhood like millions of other young

3  people, free from the subjections of the Mr. Boyles

4  of the world.

5       So I can only say from here, and it's easier

6  said that done, please, Unity, try not a blame

7  yourself.

8       Young lady, please try not to blame

9  yourself.  You did not create or enable the

10 circumstances where you found yourselves in the

11 hands of somebody like Mr. Boyle.

12      The defendant is a 36-year-old, maybe 37

13 now, with a history of depression and anxiety.

14      He reports, and it is reported to me, he's

15 physically abused by his mother and father, sexually

16 abused by his brother, cousin, and babysitter.  He

17 reported to the psychologist that he was happy to be

18 in custody so he couldn't abuse ████████ again.

19      He has been regularly employed since 2008.

20      The conduct occurred on February 4, 2019,

21 and February 21, 2019; February 4 being Counts 1

22 through 7; February 21 being Count 8.

23      He was arrested on March 22, 2019.

24      In between, on February 22, 2019, he was

25 charged in Lincoln County Circuit Court for conduct

 1  that occurred between October 10, 2010, and February

 2  3, 2019; that he committed an act of sexual

 3  penetration with a person under the age of 13, for

 4  which he pled guilty and received 40 years in the

 5  Illinois Department of Correction on September 2,

 6  2020, other charges were dismissed as part of the

 7  plea.

 8          The victim impact that I heard today comes

 9  from the mother, comes from the young lady, both now

10  carrying lifetimes of guilt, blaming themselves.

11  The mother blaming herself for not being able to

12  protect her children, which I've already addressed.

13  The young lady's statement comes from ███████████,

14  the one that he sexually abused and streamed for all

15  of his sick and perverted friends on Kik Messenger

16  to see, for her to live with forever.  Her statement

17  was read to the Court.

18          Mr. Boyle, you sentenced ███████████████ to

19  life, a life questioning herself, asking herself

20  what she did wrong.  You deserve the same sentence

21  so then you can consider what you did wrong.  It is

22  a point --

23          Let me say to Unity and to the young lady

24  victim, I cannot protect you from everybody for the

25  rest of your life, but I can protect you from

 1  Mr. Boyle.

 2       The Court considers all of the 3553 factors,

 3  Mr. Boyle's history and characteristics, the factors

 4  even in Count 8, the images of -- that were

 5  perpetuated were not enough; he needed to stream his

 6  own sexual abuse towards ███████████ .

 7       So, I believe that a sentence on Counts 1

 8  through 7 of 360 months or 30 years on each count is

 9  appropriate.

10       I do understand, Miss Peirson, your points

11  about separate harms, different corresponding harms,

12  but it did occur over the same day and over the

13  course of the same day.  And despite the breakup of

14  his streaming, I don't think a consecutive sentence

15  on each one of those would be appropriate, although

16  would certainly be acceptable, I guess.

17       So it's 30 months -- or 360 months, 30 years

18  on each of Counts 1 through 7 concurrent with each

19  other.

20       Count 8 sets forth a completely different

21  count on a completely different day and a completely

22  different time period; to subject other young people

23  who have been abused to the perverted and distorted

24  and sick nature of those seeking the internet for

25  their satisfaction.  So I believe a sentence of 20

1 years or 240 months on Count 8 is appropriate and

2 that should run consecutive -- that should run

3 consecutive to Counts 1 through 7.

4          So that is 600 months or 50 years.

5          And there could be no question that the

6 conduct in 19-CF-300, the sexual predator conviction

7 of a child under 13, for which he received 40 years,

8 was a separate course of conduct; and, therefore,

9 the 600 months imposed shall run consecutive to the

10 Macon County case in 19-CF-300.

11          If he served that entire sentence, that

12 would be a sentence of 90 years or nearly 90 years.

13 If he manages to live to be a 126 years old, then he

14 can have that fresh air that he requests today.

15          The Court will impose conditions of

16 supervised release as set forth in the Presentence

17 Report.

18          Miss Pollock, is there a reason to read or

19 recite or summarize them for your client?

20          MS. POLLOCK:  He is aware of them, Your

21 Honor.  We waive the reading.

22          THE COURT:  Mr. Boyle, have you reviewed the

23 proposed conditions of supervised release that I am

24 going to impose with -- have you reviewed those with

25 Miss Pollock?  They are in the Presentence Report.

```
 1              THE DEFENDANT:  Yes, Your Honor.
 2              THE COURT:  Do you believe any further
 3   reading or explanation or summary of them is
 4   required?
 5              THE DEFENDANT:  I believe no.
 6              THE COURT:  Is that no?
 7              THE DEFENDANT:  No.
 8              THE COURT:  All right.  I will find no
 9   ability to pay a fine, so no fine is imposed.
10              If you are released from custody, you will
11   serve a term of ten years of supervised release on
12   each count to run concurrent with each other.
13              While on supervised release, not commit
14   another federal, state, or local crime.
15              Not possess a controlled substance.
16              Submit to one drug test within 15 days of
17   release from imprisonment and at least two
18   thereafter as directed by probation.
19              Cooperate in the collection of DNA as
20   directed by probation or the Bureau of Prisons.
21              And, in addition, I've carefully considered
22   the conditions as proposed in the PSR.  I find that
23   they are appropriate.  I find there are no
24   objections to them.  I find that they are a
25   necessary part of the sentence and will maximize the
```

1  possibility that Mr. Boyle would successfully

2  complete his term of supervised release if he makes

3  it to that point.  I order that they be made part of

4  the formal sentence.

5       I will recommend that you serve your

6  sentence in a facility as close to your family --

7  well, let me ask Miss Pollock where you -- if

8  there's a recommendation.

9       MS. POLLOCK:  There is a recommendation to

10 USP Marion, Your Honor.

11       THE COURT:  I will recommend that you serve

12 your sentence in USP Marion.

13       I recommend that you serve it in a facility

14 that will allow you to participate in a sex offender

15 treatment program and maximize your exposure to

16 educational and vocational opportunities.

17       Special assessment of $100 is imposed on

18 each count for a total of $800.

19       And order proceeds forfeited to the United

20 States that were derived by the conduct under Counts

21 1 through 7 that were referenced in the Final Order

22 of Forfeiture.

23       Is there anything else the parties believe

24 needs to be addressed before I give appeal rights?

25       MS. POLLOCK:  No, Your Honor.

```
 1              MS. PEIRSON:  Not from the government, Your

 2   Honor.

 3              THE COURT:  You have appeal rights.

 4              Mr. Boyle, you have 14 days to do so or ask

 5   Miss Pollock to do so on your behalf.

 6              I will be in recess.  Thank you.

 7              (Hearing concluded, 1:50 p.m.)

 8                            ****

 9

10      I certify that the foregoing is a correct

11   transcript from the record of proceedings in the

12   above-entitled matter.

13

14

15   s/Nancy Mersot         Date:  February 16, 2021

16   Court Reporter

17

18

19

20

21

22

23

24

25
```